*(Supreme Court, General Term, First Department.*  November 30, 1891.)

Argued before DANIELS, BARRETT, and INGRAHAM, JJ.

*J. K. Hayward,* for appellant.  *C. H. Collins,* for respondent.

No opinion.  Motion granted.  See 16 N. Y. Supp. 38.

---

CAVANAGH, Respondent, *v.* NEW YORK EL. R. Co. *et al.,* Appellants.

*(Supreme Court, General Term, First Department.*  December 31, 1891.)

Appeal from special term, New York county.

Action by Ellen Cavanagh, as executrix, etc., of William T. McKeon, against the New York Elevated Railroad Company and the Manhattan Railway Company, to recover damages caused by the erection and maintenance of defendants' road in the street abutting plaintiff's property, and for an injunction.

Argued before VAN BRUNT, P. J., and BARRETT and DANIELS, JJ.

*Davies & Rapallo,* for appellants.  *Peckham & Tyler, (E. W. Tyler,* of counsel,) for respondent.

VAN BRUNT, P. J.  It is conceded by the appellants' points that every point raised upon this record has been disposed of adversely to the appellant by this court, but that appeals are pending in the court of appeals in these cases.  Under these circumstances, it follows, as a matter of course, that the judgment appealed from should be affirmed, with costs.

---

ANDERSON, Respondent, *v.* SUPREME COUNCIL OF ORDER OF CHOSEN FRIENDS, Appellant.

*(Supreme Court, General Term, Second Department.*  December 14, 1891.)

Appeal from circuit court, Kings county.

Action by Anna B. Anderson against the Supreme Council of the Order of Chosen Friends on a certificate of membership, for a benefit accruing on the death of plaintiff's husband.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*James McG. Smith, (Howard H. Morse* and *J. Alexander Koones,* of counsel,) for appellant.  *J. Edward Swanstrom,* for respondent.

DYKMAN, J.  This action was commenced by the plaintiff upon a membership of the Order of Chosen Friends issued by the defendant to the husband of the plaintiff for her benefit.  The defendant set up three defenses: *First,* that the husband of the plaintiff was in default for non-payment of assessments at the time of his death; *second,* that he had voluntarily resigned from the order; and, *third,* that due proof and notice of the death of the deceased man were not presented to the order.  All these defenses presented questions of fact only, and, upon the trial, proof was introduced by both parties upon all of the questions, and the case was presented to the jury by the trial judge, and a verdict was rendered for the plaintiff.  So it is to be assumed now that all the facts were found in accordance with the proof offered by the plaintiff, and we can easily perceive that no other conclusion could fairly be reached. The evidence on the part of the defense was quite unsatisfactory, and fails to command respect, and the jury evidently gave it no heed.  The verdict meets our unqualified approval, and the judgment and order denying a motion for a new trial should be affirmed, with costs.